UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD D. LEONARD,
    Plaintiff,

vs.

UNITED ASSOCIATION OF JOURNEYMEN
& APPRENTICES OF THE PLUMBING &
PIPE FITTING INDUSTRY OF THE UNITED
STATES & CANADA, et al.
    Defendants.

Case No. 1:15-cv-256
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

# I. Introduction

Plaintiff Ronald Leonard, a former member of defendant United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("UA"), brings this pro se action against defendants UA, UA's general president William P. Hite, UA's affiliated Local Union 577 ("Local 577"), and Local 577's business manager Robert Cole. Plaintiff claims defendants violated the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411 *et seq.*, by not approving his application for reinstatement to membership in the UA. This matter is before the Court on the motion to dismiss of UA and Hite (Doc. 12), the motion to dismiss of Local 577 and Cole (Doc. 13),[1] plaintiff's response in opposition (Doc. 19), the reply memorandum of Local 577 and Cole (Doc. 21), the reply memorandum of UA and Hite (Doc. 24), and plaintiff's sur-reply (Doc. 25).[2] This matter is also before the Court on plaintiff's motion to hold the motions to dismiss in abeyance until discovery has been completed (Doc. 20), the response in opposition of Local 577

---

[1] The legal and factual issues involved in this case are not complex, and they have been fully briefed by the parties. Pursuant to S.D. Ohio Civ. R. 7.1, the Court therefore finds that oral argument is not "essential to the fair resolution" of this case, and defendants' request for oral argument is denied.

[2] The Court construes this document as including a motion for leave to file a sur-reply. That motion is granted, and the Court will consider plaintiff's sur-reply in ruling on defendants' motions to dismiss.

and Cole (Doc. 22), the response in opposition of UA and Hite (Doc. 23), and plaintiff's reply (Doc. 26).

## II. Allegations of complaint and attachments to motion to dismiss

Plaintiff's complaint alleges that since 1997 he has been "and still currently remains" a member of the UA and Local 577. (Doc. 3 at 2-3).[3] Plaintiff states he made a "written request for reinstatement of his membership" to the union on July 1, 2013. (*Id*. at 6). Plaintiff alleges that on November 4, 2013 defendants, acting through UA General President Hite, "refused [plaintiff] his guaranteed right as [a] 'member' to reinstatement and/or right to reinitiation of his union membership, thereby unlawfully disciplining [him] in absence of a full and fair hearing." (*Id*. at 4). Plaintiff asserts that defendants violated various provisions of the LMRDA by denying his request for re-initiation. (*See id*. at 4-7). Plaintiff alleges that defendants: (1) "unlawfully disciplined" him because other convicted felons remain members of the UA; (2) "failed and/or refused to provide [him] as a 'member' his guaranteed right to a mandatory full and fair hearing before unlawfully disciplining [him], thereby, 'blacklisting' and/or 'blackballing' [him] permanently from ever obtaining membership into Defendant UA. . . ."; (3) denied him his "guaranteed right" to free speech and assembly "in obtaining his personal document property in the custody of Defendant Local #577 to be used in preparation" for the hearing to which he was denied; (4) interfered with his ability to obtain employment; and (5) failed to comply with the notification obligations of the LMRDA by not informing him of his rights under the LMRDA. (*See id*. at 7-10).

In their motion to dismiss plaintiff's complaint, defendants UA and Hite submit written communications from the parties from July 1, 2013 to November 4, 2013, which they allege provide the details of plaintiff's expulsion from and request for reinstatement to the union. (Doc.

---

[3] Citations to the complaint refer to the page numbers provided by CM/ECF.

2

12, Exs. A-D). Where, as here, a party attaches exhibits to a motion to dismiss, the Court must determine whether it may consider the exhibits in ruling on the motion without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). Generally, in deciding a motion to dismiss the Court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). However, when a document is attached to the complaint and is integral to the plaintiff's claims, the Court may consider such document without converting a motion to dismiss to one for summary judgment. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013) (citing *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F. 3d 327, 336 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c))). Likewise, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *accord Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Even where an exhibit is considered part of the pleadings, however, "it is not always appropriate to assume everything in an exhibit is true." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441-42 (6th Cir. 2012). *See also Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) (finding that transcripts of an interview attached to the plaintiff's complaint could be considered as an allegation that those statements were made, but the truth of those statements could not be considered on a motion to dismiss).

In this case, defendants have attached several written communications and attachments to those communications to the UA's motion to dismiss, including a July 1, 2013 letter from plaintiff to the union requesting reinstatement to the union and a November 4, 2013 letter from defendant Hite approving the local's request to deny plaintiff's reinstatement to the union. (Doc. 12-2, Exh. A; Doc. 12-5, Exh. D). The Court will consider the July 1, 2013 letter from plaintiff

3

to Mark McManus, UA's general secretary-treasurer, because plaintiff refers to this letter in the complaint and it is central to his claim that defendants improperly declined to reinstate him to membership in the UA. (*See* Doc. 3 at 6; Letter from plaintiff to McManus dated July 1, 2013, Doc. 12-2, Exh. A); *Bassett*, 528 F.3d at 430. Likewise, the Court will also consider the November 4, 2013 letter of defendant Hite for the same reasons. (*See* Doc. 3 at 6; Letter from Hite to Cole dated Nov. 4, 2013, Doc. 12-5, Exh. D); *Bassett*, 528 F.3d at 430. In contrast, the Court cannot consider the majority of the other exhibits attached to the motion to dismiss of UA and Hite because they are not referenced in plaintiff's complaint. *See Bassett*, 528 F.3d at 430. However, the Court may take judicial notice of the state court records attached to UA and Hite's motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (holding that a court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice"); Fed. R. Evid. 201(c)(2) (providing that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

The July 2013 letter from plaintiff requested information from UA's general-secretary treasurer about the process and cost associated with being reinstated to membership with the UA and Local 577. (Doc. 12-2, Exh. A). In a November 4, 2013 letter addressed to defendant Cole, defendant Hite approved Local 577's request "to deny reinitiation to former member Ronald D. Leonard pursuant to Section 160 of the UA Constitution." (Doc. 12-5, Ex. D). Defendant Hite indicated that UA records showed that plaintiff "has not been a UA member since his expulsion from Local 577 for nonpayment of dues in October 2009." (*Id.*). Defendant Hite concluded that the following circumstances constituted "a just and reasonable basis" under the UA Constitution for denying re-initiation of membership to plaintiff:

4

- Plaintiff's failure of pre-employment drug tests in June 1999 and March 2002;
- Plaintiff's felony convictions for illegal cultivation of marihuana and failure to appear;[4]
- Plaintiff's payment of reinstatement fees to Local 577 in December 1999, January 2001, and January 2007 after being suspended for nonpayment of dues; and
- Plaintiff's payment of reinstatement fees to Local 189 on five occasions between October 1986 and July 1996.

(*Id.*). Defendant Hite opined:

> UA membership is a responsibility and a privilege. Members are responsible for, among other things, adhering to the Standard for Excellence adopted by the UA and avoiding conduct that could bring the UA's name into disrepute. By failing pre-employment drug tests and committing the aforementioned felonies, [plaintiff] has fallen short of these responsibilities, and in today's construction industry there is increasingly little tolerance for such failings. Moreover, by repeatedly failing to pay his dues on time, [plaintiff] has demonstrated an inability or unwillingness to meet the most basic obligations of union membership.

(*Id.*). Accordingly, defendant Hite granted Local 577's request for permission to deny plaintiff re-initiation to membership. (*Id.*).

### III. Motions to Dismiss (Docs. 12 and 13)

   A. Parties' Arguments

Defendants UA and Hite argue that plaintiff lacks standing to sue under the LMRDA because he was no longer a "member" of the UA for purposes of the LMRDA after his expulsion for nonpayment of dues in 2009. (Doc. 12-1 at 7-8). They contend that plaintiff no longer has rights under the LMRDA because he "voluntarily withdrew from membership in 2009 by neglecting to pay his dues for a six-month period." (*Id.* at 8). They argue that the LMRDA does not require procedural safeguards before a union may enforce discipline for nonpayment of dues. (*Id.*). They contend they had "a just and reasonable basis" under the UA Constitution to deny his

---

[4] In 2008, plaintiff was found guilty of illegal cultivation of marihuana, in violation of Ohio Rev. Code § 2925.04(A), in the Athens County, Ohio Court of Common Pleas and sentenced to three years' imprisonment. (Judgment Entry dated Oct. 1, 2008, Doc. 12-4, Exh. C at 9-11). In August 2009, plaintiff was indicted for failure to appear, in violation of Ohio Rev. Code § 2937.99(A), for not reporting to prison to serve his three-year sentence on the drug charge. (Indictment dated Aug. 10, 2009, Doc. 12-4, Exh. C at 12-13). He was found guilty and sentenced to a consecutive one-year prison term. (Judgment Entry dated Jan. 23, 2012, Doc. 12-4, Exh. C at 14-16).

application for reinstatement. (*Id.* at 9). In the alternative, they argue that even if plaintiff has standing, he has failed to state a claim upon which relief can be granted. (*Id.* at 11). First, they contend that a union's denial of membership is not actionable under the LMRDA and even if it was plaintiff has failed to allege "even the most basic facts to support his claim for wrongful denial of membership." (*Id.* at 11-12). Second, they argue that the loss of membership for nonpayment of dues does not constitute unlawful discipline under the LMRDA. (*Id.* at 12). Further, to the extent that plaintiff is arguing that he was treated differently than other convicted felons, defendants UA and Hite contend "[t]here is nothing in the LMRDA that prohibits the consideration of an individual's prior criminal history in assessing his request for reinitiation." (*Id.* at 13). Third, they argue that the LMRDA does not provide for procedural due process before imposing discipline for the nonpayment of dues or before denying reinstatement to a former member. (*Id.* at 13-14). Fourth, they contend that plaintiff has failed to allege any facts to support his claim that defendants denied him his right to free speech by not helping him obtain unspecified documents. (*Id.* at 14). Fifth, they argue that claims for alleged interference with an employment relationship are not cognizable under the LMRDA and instead fall under the exclusive jurisdiction of the National Labor Relations Board. (*Id.* at 15). Sixth, they argue that the UA provided "full and sufficient notice" to all UA members during the period 2001 to 2008, as noted in *Callihan v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Indus.*, 349 F.3d 704 (D.C. Cir. 2003). (*Id.* at 16). Finally, they contend that plaintiff cannot maintain an action against defendant Hite in his individual capacity because plaintiff has not alleged that defendant Hite exceeded his authority in granting permission to Local 577 to deny plaintiff reinstatement to membership. (*Id.* at 16-17). In their separate motion to dismiss, defendants Local 577 and Cole adopt the arguments of defendants UA and Hite. (*See* Doc. 13-1 at 2-4).

6

Plaintiff responds that because defendants have not produced a signed pledge card, he is "totally exempt from and is not bound by or held to adhere to any rules and regulations contained [in] the Defendants UA Constitution. In other words, [plaintiff's] October/2009 expulsion was unlawful." (Doc. 19 at 4-5).[5] Plaintiff also appears to argue that because he was a member of the union in 1997, he has standing to bring an action under the LMRDA related to defendants' refusal to reinstate him to membership. (*See id.* at 5-7). Plaintiff asserts that "it would be a leap of logic" for the Court to find that the UA Constitution and local bylaws were ever applicable to him. (*Id.* at 7). Plaintiff contends that the lack of a signed pledge card shows that he was not obligated to pay union dues. (*Id.*). Plaintiff argues that defendants have provided only "a quite vague and non-specific defense" to his allegation that defendants unlawfully disciplined him differently from other convicted felons. (*Id.* at 9).

In reply, defendants Local 577 and Cole argue that plaintiff's response ignores the issue of standing raised in the motion to dismiss. (Doc. 21 at 3). Defendants UA and Hite contend that plaintiff's argument that he did not take the required oath of obligation to be bound by the UA Constitution "puts him in an untenable position in this lawsuit, because if he did not fulfill the requirements of membership, he cannot have <u>ever</u> been a 'member' of the UA or any of its Local Unions, and thus he lacks standing under the LMRDA." (Doc. 24 at 2) (emphasis in original). Defendants UA and Hite argue that plaintiff did in fact sign the pledge as part of his original membership application, which defendants have attached to their reply. (*Id.* at 2-3; Plaintiff's 1984 Application for Membership, Doc. 24-1, Exh. 1). Further, defendants UA and Hite contend that plaintiff has not alleged in the complaint that his 2009 expulsion from membership was unlawful. (Doc. 24 at 3-4). Defendants UA and Hite argue that any amendment of the complaint to include such a claim would be both meritless (because the

---

[5] Citations to this document refer to the page numbers provided by CM/ECF.

LMRDA does not make it unlawful to expel a member without procedural safeguards for the nonpayment of dues) and futile (because the two-year limitations period to bring such a claim would have expired in 2011, years before plaintiff filed suit). (*Id.* at 4-5).

In his sur-reply, plaintiff argues that defendants concede in their replies that he "was a member." (Doc. 25 at 3-4).[6] He contends that by fulfilling the requirements of membership, he was a "member in substance" of the UA such that he has standing to bring suit under the LMRDA. (*See id.* at 4-7).

B. <u>Legal Standard</u>

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff has satisfied Rule 12(b)(6) if he has pled enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

C. <u>Standing Under the LMRDA</u>

The LMRDA grants to union "members" certain rights: (1) equal rights and privileges to nominate candidates, vote, attend meetings, and participate in deliberations; (2) the freedom to

---

[6] Citations to this document refer to the page numbers provided by CM/ECF.

8

express views on union business; and (3) the right to sue the union or its officers "[p]rovided, [t]hat any such member may be required to exhaust reasonable hearing procedures . . . within such organization." 29 U.S.C. § 411. "It is well settled that only a 'member of a labor organization' has standing to enforce the rights guaranteed by [the LMRDA]." *Thomason v. Amalgamated Local No. 863*, 438 F. App'x 358, 361 (6th Cir. 2011) (citing 29 U.S.C. §§ 411, 412; *United Bhd. of Carpenters & Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 556 (6th Cir. 1991)). Where an individual is not a member of a union at the time of the contested action, he is precluded from asserting an action under Section 411 of the LMRDA. *Thomason v. Amalgamated Local No. 863*, No. 14-3371, __ F. App'x __, 2015 WL 5729478, at *3 (6th Cir. Sept. 30, 2015). *See also Hooks v. Truck Drivers, Chauffeurs & Helpers, Local 100*, 39 F. App'x 309, 312 (6th Cir. 2002) (where membership in local union ended, former member was not a "union member" entitled to bring suit under the LMRDA).

Under the LMRDA, a "member" includes "any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o). An individual's membership status is determined by reference to the union's constitution and bylaws. *Thomason*, 2015 WL 5729478, at *2.

Here, plaintiff alleges that defendants violated various rights that he possessed as a "member" of the UA. (*See* Doc. 3 at 7-9). Specifically, plaintiff alleges that defendants unlawfully denied "[h]is July 1, 2013 written request for reinstatement of his membership." (*Id.* at 6). However, plaintiff was not a member of the union with standing to sue under the LMRDA in November 2013 when defendants denied his request for reinstatement to the union. Plaintiff

9

does not dispute that he was expelled from membership in the UA in October 2009. Rather, he now argues that his expulsion was unlawful. (*See* Doc. 19 at 4-5).[7] However, plaintiff does not challenge the validity of his October 2009 expulsion in the complaint. Even if plaintiff were granted leave to amend the complaint to add such a claim, the amendment would be futile as the claim is barred by the two year statute of limitations applicable to LMRDA claims. The Sixth Circuit has held that § 411(a)(5) "should be governed by state general or residual statutes for personal injury actions." *Holmes v. Donovan*, 984 F.2d 732, 738 (6th Cir. 1993). In Ohio, personal injury claims have a two-year statute of limitations. Ohio Rev. Code § 2305.10(A); *Cavanaugh v. Cardinal Local Sch. Dist.*, 150 F. App'x 386, 388 (noting that Ohio Rev. Code § 2305.10(A) provides a two-year statute of limitations on personal injuries). Plaintiff's cause of action arose in October 2009, when he was expelled from the union, and the statute of limitations expired two years later in October 2011. However, plaintiff did not file the complaint until 2015. Therefore, any claim that plaintiff's 2009 expulsion from the union was unlawful would be barred by the statute of limitations. As there is no dispute that plaintiff was expelled from the union in October 2009 and was not a member of the UA at the time he sought reinstatement, plaintiff lacks standing to bring suit under the LMRDA.

Nevertheless, plaintiff argues that he is a "member in substance" who is entitled to bring an action under Section 411. In interpreting the member provision set forth in § 402(o), the Ninth Circuit has explained that a "member" is:

> not limited to those persons who are recognized as members by the union. The Act provides rights to those persons who have fulfilled the requirements of membership, i.e., those who are members in substance despite the fact that union officials have not performed the ministerial acts necessary to give formal recognition to a person's status as a member.

---

[7] The LMRDA provides in relevant part, "No member of any labor organization may be . . . expelled . . . except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5).

*Brennan v. Local 357, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 709 F.2d 611, 614 (9th Cir. 1983). *Accord Hooks,* 39 F. App'x at 312; *Phelan v. Local 305 of the United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Can.,* 973 F.2d 1050, 1057 (2d Cir. 1992); *Alvey v. Gen. Elec. Co.,* 622 F.2d 1279, 1284 (7th Cir. 1980); *Hughes v. Local No. 11 of Int'l Ass'n of Bridge, Structural, and Ornamental Ironworkers, AFL-CIO,* 287 F.2d 810, 814-15 (3d Cir. 1961). To be a "member" under § 402(o), "a person must satisfy both an affirmative and a negative requirement. The affirmative requirement is that the person must have 'fulfilled the requirements for membership;' the negative requirement is that the person must not have voluntarily withdrawn from the organization or been expelled or suspended." *Napolitano v. Int'l Union of Operating Eng'rs Local No. 4,* 872 F. Supp. 1085, 1087-88 (D. Mass. 1994). Here, plaintiff has alleged no facts whatsoever establishing the requirements for membership in the union and that he has "fulfilled the requirements of membership" to satisfy the "affirmative requirement" of showing membership "in substance." In addition, as explained above, plaintiff concedes he was expelled from membership in October 2009. Plaintiff does not meet the requirements as a "member is substance" and therefore lacks standing to bring this action under the LMRDA. *See id.* Accordingly, the motions to dismiss should be granted.

D. <u>Failure to state a claim for relief under the LMRDA</u>

Assuming, arguendo, plaintiff has standing to assert a claim under the LMRDA, the complaint should nevertheless be dismissed as the complaint fails to state a claim upon which relief can be granted. The Court will consider each of plaintiff's allegations in turn.

*1. Defendants' refusal to reinstate plaintiff's membership*

The complaint alleges defendants refused plaintiff "his guaranteed right to readmission,

11

reinstatement and[/]or reinitiation of membership." (Doc. 3 at 7). However, "denial of union membership . . . is not a wrong that is redressable under the LMRDA." *Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Local 817*, 741 F.3d 387, 390 (2d Cir. 2014). *See also Phelan*, 973 F.2d at 1056 ("Courts have refused to entertain suits by plaintiffs against unions that have rejected them for membership."); *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1254 (2d Cir. 1970) ("Wrongful denial of union membership does not come within the ambit of . . . the LMRDA."). Further, plaintiff has failed to plead any facts to render his claim that the LMRDA provides a "guaranteed right" to be reinstated to membership "plausible on its face." *See Twombly*, 550 U.S. at 570. Accordingly, this claim should be dismissed.

2. *Unlawful discipline based on disparate treatment*

The complaint alleges defendants unlawfully disciplined plaintiff by treating him differently than other convicted felons still permitted to hold membership in the UA. (Doc. 3 at 7-8). This claim is also not plausible on its face as plaintiff has not alleged any facts to support it. *See Twombly*, 550 U.S. at 570. Plaintiff's "naked assertions" that defendants treated him differently "devoid of 'further factual enhancement'" do not suffice to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Accordingly, this claim should be dismissed.

3. *Due process*

The complaint alleges defendants refused to provide plaintiff "his guaranteed right to a mandatory full and fair hearing before unlawfully disciplining [him]." (Doc. 3 at 8). Plaintiff has alleged no facts in support of this claim. It is not clear what specific actions plaintiff is challenging. To the extent plaintiff may be alleging that the failure to reinstate him to membership constitutes "discipline" and entitles him to a hearing, the complaint fails to state a claim for relief under the LMRDA. The LMRDA guarantees "a full and fair hearing" before a

member "may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues." 29 U.S.C. § 411(a)(5). However, the plain language of the statute does not provide a right to a hearing before a request for reinstatement to membership is denied. *See id.; Stone v. Local 29, Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers*, 262 F. Supp. 961, 963 (D. Mass. 1967). *Cf. Feist v. Nat'l Marine Engineers' Beneficial Ass'n*, No. 83-557, 1983 WL 30664, at *3 (E.D. La. Nov. 30, 1983) ("As an applicant [for membership in the union], plaintiff had neither a property nor a liberty interest that would give rise to a constitutional right to a due process hearing."); *Wallace v. Int'l Org. of Masters, Mates & Pilots*, 547 F. Supp. 155, 157 (S.D.N.Y. 1982) (same). To the extent plaintiff may be alleging that he did not receive a hearing before his expulsion in 2009, this claim is barred by the statute of limitations as explained above. Accordingly, this claim should be dismissed.

    4. *Right to free speech and assembly*

The complaint alleges defendants violated plaintiff's "guaranteed right to free speech and right of assembly" by not providing unspecified "personal document property in the custody of" Local 577. Plaintiff's complaint does not allege any facts to render this "naked assertion" plausible on its face. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plaintiff has neither specified what these personal documents are nor provided any explanation as to how they implicate "the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views." 29 U.S.C. § 411(a)(2). Accordingly, this claim should be dismissed.

    5. *Interference with employment*

The complaint alleges defendants have "refused and/or interfered with [plaintiff's] ability to obtain employment." (Doc. 3 at 8). Again, plaintiff has alleged no facts that would render this "naked assertion" plausible on its face. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at

13

570. Further, this Court has no jurisdiction to consider plaintiff's claim that defendants interfered with his employment rights. The Supreme Court has explained that the LMRDA protects membership rights, not employment rights. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 94 (1989) (holding that failure of union to refer plaintiff for employment was not cognizable under the LMRDA because it did not involve "discipline"); *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 277, 284 (1971) (holding claim based on union's procurement of plaintiff's discharge from employment was within the exclusive jurisdiction of the National Labor Relations Act, which "pre-empts the jurisdiction of state and federal courts to regulate conduct arguably subject to [the Act]"). Thus, any claim premised on defendants' interference with plaintiff's employment rights must be brought to the National Labor Relations Board, not this Court. Accordingly, this claim should be dismissed.

6. *Failure to comply with notice obligations*

The complaint alleges that defendants "refused and/or failed to comply with the notification obligations of informing Leonard as a 'member' of Section 105 of the LMRDA, and all Leonard's rights as a union member contained therein the Act." (Doc. 3 at 8-10). Section 105 of the LMRDA provides that "[e]very labor organization shall inform its members concerning the provisions of this chapter." 29 U.S.C. § 415. Plaintiff's conclusory allegation that defendants failed to comply with the notification obligations of the LMRDA, without any factual enhancement, fails to state a claim for relief under 29 U.S.C. § 415. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plaintiff has not identified the rights or provisions of the LMRDA he did not receive notice of or stated when he should have received such notice. Further, in *Callihan*, the D.C. Circuit held that UA satisfied the notice requirements of 29 U.S.C. § 415 by publishing a summary of the LMRDA in its journal and agreeing to publish the

14

summary in its journal again in 2004 and 2008. *Callihan*, 349 F.3d at 705-07. Thus, *Callihan* reveals that plaintiff would have received notice of his LMRDA rights in the UA journal during the period when his membership is undisputed. Accordingly, this claim should be dismissed.

Based on the foregoing, the motions to dismiss should be granted.

### IV. Motion to Hold in Abeyance (Doc. 20)

Plaintiff moves to hold the motions to dismiss in abeyance until the production of three discovery requests. (Doc. 20 at 2). First, plaintiff requests a photocopy of his pledge card bearing his signature. Second, he requests photocopies of all of his UA membership cards and certification cards from 1997 to 2009. (*Id.*). Third, he requests a list of all convicted felons who "have, in the past and are now currently holding [UA] membership" after their release from prison. (*Id.* at 3). Plaintiff contends that this evidence will show that he was treated differently from other convicted felons. (*See id.*).

Defendants Local 577 and Cole respond that plaintiff's document requests are not relevant to the issues raised in the motion to dismiss. (Doc. 22 at 3). Specifically, fulfilling plaintiff's request for pledge cards, membership cards, and certification cards would not result in relevant information because the parties do not dispute that plaintiff was a UA member from 1997 until October 2009. (*Id.*). Defendants Local 577 and Cole contend that these documents are not relevant to the standing issue concerning plaintiff's non-member status in 2013, four years after his expulsion from membership in 2009 for nonpayment of dues. (*Id.* at 3-4). They argue that the requested discovery concerning UA members with felony convictions "is irrelevant to the question of whether the Plaintiff has standing under the LMRDA to challenge the decision in 2013 to not admit him to Union membership." (*Id.* at 5). Defendants UA and Hite argue that "[d]iscovery is not necessary nor is it contemplated at the pre-answer stage of the

15

case." (Doc. 23 at 5). Defendants UA and Hite contend that plaintiff's discovery requests are irrelevant to the issue of standing. (*Id.* at 5-6).

In reply, plaintiff repeats his request that the Court hold the motions to dismiss in abeyance until the requested discovery has been produced. (*See* Doc. 26 at 8-9).

Here, plaintiff's motion is not well-taken because as the Sixth Circuit has recognized, the "very purpose of [Rule] 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). In any event, plaintiff's requested discovery materials would not cure the pleading deficiencies described above. Accordingly, the motion to hold in abeyance is denied.

## V. Conclusion

Based on the foregoing, plaintiff's motion to hold the motions to dismiss in abeyance pending discovery (Doc. 20) is **DENIED** and plaintiff's motion for leave to file a sur-reply (Doc. 25) is **GRANTED**. Further, it is **RECOMMENDED** that defendants' motions to dismiss (Docs. 12, 13) be **GRANTED**.

Date: 1/26/2016

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD D. LEONARD,
    Plaintiff,

vs.

UNITED ASSOCIATION OF JOURNEYMEN
& APPRENTICES OF THE PLUMBING &
PIPE FITTING INDUSTRY OF THE UNITED
STATES & CANADA, et al.
    Defendants.

Case No. 1:15-cv-256
Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).